

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MUFID MICHAIL,<br><br>    Petitioner,<br><br>vs.<br><br>GEORGE A. NEOTTI, Warden,<br><br>    Respondent. | Case No. SACV 10-1124-CJC (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

    Petitioner, who currently is incarcerated at a state prison facility in San Diego, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on July 26, 2010. The Petition purported to allege seven grounds for relief.

    It appears from the face of the Petition that it is directed to the same 2002 Los Angeles Superior Court conviction as a prior habeas petition filed by petitioner in this Court (through counsel) on April 12, 2004, in Case No. CV 04-2534-CJC (RNB) (hereinafter the "Prior Action"). On February 2, 2005, Judgment was entered in the Prior Action denying the operative First Amended Petition and dismissing the action with prejudice. Petitioner appealed from the Judgment to the Ninth Circuit, but his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

    The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the

Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction and sentence as petitioner's prior habeas petition in Case No. CV 04-2534-CJC (RNB), within the meaning of 28 U.S.C. § 2244(b). Thus, to the extent that Grounds 1 and 2 of the Petition appear to be the same claims as those previously raised in the operative First Amended Petition in the Prior Action,

§ 2244(b)(1) compels dismissal of those claims. To the extent that petitioner's remaining five grounds for relief constitute new claims not previously raised in the operative First Amended Petition in the Prior Action, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2010

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

---

[1] The Court notes that, concurrently with the Petition, petitioner filed a document captioned "Motion for Appointment of Counsel Due in Part to Mental Illness and Lay Status, etc." and a document captioned "Motion for Certificate of Appealability and Request to File a Second and Successive Petition and Hearing on Petitioner's Competency Issue" (along with a supporting Memorandum of Points and Authorities and a supporting set of exhibits). It appears that the Certificate of Appealability being sought by petitioner is a Certificate of Appealability with respect to the Judgment entered on February 2, 2005 in the Prior Action. In any event, since it appears from the cover pages that both Motions were intended to be directed to the Ninth Circuit, not the District Court, the Court is not ruling on them. Moreover, as noted above, the Ninth Circuit already has denied petitioner's request for a Certificate of Appealability with respect to the February 2, 2005 Judgment.